a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NASIRU ISSAK #A226-126-832, Petitioner | CIVIL DOCKET NO. 1:25-CV-01541 SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN ET AL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Nasiru Issak ("Issak").  At the time of filing, Issak was detained at River Correctional Center in Ferriday, Louisiana.  Issak seeks his release from detention.

Because Issak is no longer detained, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.    Background

Issak is a native and citizen of Ghana who illegally entered the United States on August 17, 2024.  ECF No. 9-1 at 1.  He alleges that an immigration judge granted withholding of removal to Ghana under the Convention Against Torture on December 6, 2024.  ECF No. 1.  Issak challenged the legality of his continued detention.

The Government states that Issak was removed to Guinea on November 23, 2025.  ECF No. 9-3 at 1.

1

II.    <u>Law and Analysis</u>

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.*  Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id.*

Because Issak is no longer detained, the § 2241 claim is moot.  *See Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot."); *Diaz v. NFN NLN*, 2022 WL 1096579, at *1 (N.D. Tex. Mar. 25, 2022), *report and recommendation adopted*, 2022 WL 1092944 (N.D. Tex. Apr. 12, 2022) (petitioner's removal to Mexico rendered his petition moot).  If a controversy is moot, the court lacks subject matter jurisdiction.  *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir.

1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III.    Conclusion

Because Issak is no longer detained, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 9, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3